**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CARLOS THOMAS,

    Petitioner,

-vs-                                         Case No.  8:08-CV-1339-T-30MAP

STATE OF FLORIDA,

    Respondent.
_____/

**ORDER**

    Petitioner, an inmate in a Florida penal institution proceeding *pro se*, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("amended petition") challenging 1997 convictions entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 4).  After carefully examining the allegations of the amended petition, the Court concludes *sua sponte* that the Petition may be time-barred under the provisions of 28 U.S.C. § 2244(d).  *See Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

    On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). Prior to AEDPA's enactment, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. Even delays of more than a decade did not necessarily bar a prisoner from seeking relief. *See*

*e.g., Lonchar v. Thomas*, 517 U.S. 314, 315 (1996).

The AEDPA dramatically shortened the time for filing a federal habeas petition to one year. Section 101 of AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." According to Petitioner's allegations, he was convicted on March 18, 1997, and sentenced to 15 years in prison on July 18, 1998 (Dkt. 4 at p. 1). He did not seek direct review of his conviction and sentence (Dkt. 4 at p. 2). Because he failed

to file a timely notice of appeal, Petitioner's conviction became final on August 18, 1998. *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and sentence upon entry of plea as final when time for appeal expired). Accordingly, Petitioner had until August 18, 1999, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

Petitioner asserts that he filed a motion to correct illegal sentence ("motion") in the Sixth Judicial Circuit Court on November 5, 2007 (Dkt. 4 at p. 3). The motion had no tolling effect on the one-year limitation period, however, because it had already expired on August 18, 1999. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (finding that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that the one-year limitation period should be equitably tolled. Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with diligence*'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

The Court will allow Petitioner an opportunity to supplement the record before reaching a decision on whether this action should be dismissed as being barred by the one-year limitation period discussed above. If Petitioner asserts that he is entitled to equitable tolling of the one-year limitation period, he must support the assertion with appropriate documentation, including a sworn affidavit setting forth the basis for his assertion that he is entitled to equitable tolling and a copy of any documents in his possession which tend to support his argument.

**ACCORDINGLY**, the Court **ORDERS** that Petitioner shall show cause within **THIRTY (30) DAYS** of the date hereof why this action should not be dismissed as being barred by the one-year limitation period as set forth *supra*. **Failure to comply with this order within the allotted time will result in dismissal of this matter without further notice.**

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc

Copy to: Petitioner *pro se*