UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS THOMAS,

    Petitioner,

-vs-                                                    Case No.  8:08-CV-1339-T-30MAP

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("amended petition") challenging 1997 convictions entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 5). The amended petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(1)(A).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on August 18, 1998. Therefore, Petitioner had until August 18, 1999, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

Petitioner filed a post-conviction motion in state court on November 5, 2007. The post-conviction motion, however, had no tolling effect on the one-year limitation period because it had already expired on August 18, 1999. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (finding that "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the petition for federal habeas relief is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner can demonstrate that the one-year limitation period should be equitably tolled. Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with <u>diligence</u>*'" (emphasis added). *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

In his response to the Court's order to show cause why this action should not be dismissed as time-barred, Petitioner asserts that it was not until years after he agreed to the plea bargain that he discovered as a matter of law that he could not agree to an illegal sentence (Dkt. 8). Therefore, he argues, he is entitled to have this Court review the merits of his claims.

Equitable tolling is an extreme remedy and is applied sparingly. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner bears the burden of showing that equitable tolling is warranted. *Id.* Petitioner's ignorance of the law does not warrant equitable tolling of the limitations period. *Cf. Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir.) (holding that ignorance of the law is insufficient rationale for equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."). Here, it is clear that Petitioner has failed to demonstrate extraordinary circumstances that would support equitable tolling.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's amended petition for writ of habeas corpus (Dkt. 5) is **DISMISSED** as time-barred.

2. The **Clerk** is directed to terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),) or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 17, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*